| Fill in this information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **JOAQUIN** First Name | **AVILA** Middle Name | **FRANQUI** Last Name |
| Debtor 2 (Spouse, if filing) | **JESENIA** First Name | **VEGA** Middle Name | **HERNANDEZ** Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF PUERTO RICO | | |
| Case number (if known) | 15-03404-ESL | Chapter | 13 |

# DEBTORS' REQUEST TO VACATE DISMISSAL e.o.d NOVEMBER 20, 2019 at doc #123 ON AGREEMENT WITH TRUSTEE AS TO CURE

## TO THE HONORABLE COURT:

COME NOW debtors through undersigned Attorney and respectfully ALLEGES, STATES and PRAYS:

### RELEVANT FACTS

1. Debtor's filed the instant case on May 5, 2015 see doc #1.
2. The Amended Plan was confirmed on August 27,2018 as per doc #110.
3. The Trustee requested entry of order to compel debtor to pay the 2015 and 2018 tax refunds into the Plan at docs #116 and #117. The same was granted by this Court on September 16, 2019 at docs #122 and #123.
4. On October 3, 2019 the Trustee requested dismissal of the case at doc #126 since the debtor's had failed to remit the tax refunds.
5. On the same date Debtor's filed a Motion Requesting an entry of order to vacate the order to compel was filed. (see doc #127)
6. The Trustee was ordered to state his position within fourteen days on October 23, 2019 at doc #128 to which Trustee responded at doc #130 stating his position on November 13, 2019.
7. In Trustee's response at doc #130 Trustee states his position and does not object debtors' request to retain the 2018 tax refund for the payment of their 1040 Federal tax obligation, as per confirmed Plan.
8. Notwithstanding, Trustee does object retention by debtor of the 2015 tax refund, asserting that debtor has not explained why she is entitled to the use of the 2015 tax refund.
9. Debtor's confirmed Plan provides as follows;
 "Tax refunds will be retained by debtors to pay the IRS every year until the end of the plan. Any unused amount will be submitted to the Trustee to increase the base of the plan. The tender of such payments shall deem the plan modified by such amount increasing the base without the need of further Notice, Hearing or Court order.

10. Debtor used the funds to pay the IRS as it is contemplated in the confirmed Amended Plan. Refer to doc #98 with evidence of the Federal tax obligation satisfied and paid by debtor which has been sent to the Trustee for evaluation.

11. Debtor's state tax refund was $1,636 and their payment of the 1040-PR was $1,067.00, leaving a balance which should have been paid into the confirmed Amended Plan.

12. Debtor needs a period of 30 days to cure the amount not paid to IRS of $569 since the balance was used for this debtor's ongoing deficiency in his expenses.

13. Trustee has acquiesced to payment by debtor of the $569 balance of the 2018 tax refund owed to the confirmed Plan within 30 days.

14. Debtors are into the 54th month of their confirmed Plan.

## ARGUMENT & SUPPORT TO SET ASIDE DISMISSAL

The Federal Rules of Civil Procedure provide for a party adversely affected by an order or judgment of the court to request a remedy and seek review of adverse decisions. Congress has designed our federal court system so that it affords civil litigants' ample opportunity to seek review of adverse decisions. First, litigants may request reconsideration of an unfavorable result. Rule 59(c) and 60(b). Second, losing parties are entitled to seek review of "all final orders" in the court of appeals 28 U.S.C. §1334. The animating concept behind this foregoing structure is that justice is best served by the checks and balances afforded by regular opportunities for judicial review. *Hudson United Bank vs MiTenda Mortg Corp.*, 142 F 3d 151 (CA 3 1998).

Despite this general design, the need to deter vexatious litigation has led Congress to carve out exceptions in which review is curtailed or even eliminated. In the instant case we find no such exception to the general rule of the review of an adverse decision by the bankruptcy court under the facts before this court today.

While the Rules do not expressly recognize motions for "reconsideration, they are commonly treated as motions to alter or amend judgment under Fed. R. Civ. P. 59(e) or motions for relief from judgments or order under Rule 60(b). For the most part, the controlling doctrine will hinge on the filing date of such motion. *Global Maps Inc., Verizon New England, Inc.* 489 F. 3d 13 (1st Cir. 2007).

Although, the Bankruptcy Rules do not specifically provide for a motion to vacate an order. "However, [d]epending on the time that the motion is served, a motion to . . . vacate may be treated either as a motion to alter or amend the judgment under Rule 59(e), made applicable by Bankruptcy Rule 9023, or as a motion for relief from judgment under Rule 60(b), made applicable by Bankruptcy Rule 9024." *Ramirez Rosado v. Banco Popular de P.R.* (*In re Ramirez Rosado),* 561 B.R. 598, 607 (1st Cir. B.A.P. 2017); *Anwar M. Ibrahim,* BAP #

MB 19-020, bankruptcy #16-13549 (1st B.A.P. August 28, 2019); *Ross v Garcia,* 532 B.R. 173, 180 (1st Cir. B.A.P. 2015).

Debtors herein have filed their Motion to Vacate Dismissal within 14 days after the entry of the Dismissal Order, thus it should be treated as a motion to alter or amend a judgment under Rule 59(e). See Fed. R. Bankr. P. 9023 (mandating that a motion "to alter or amend a judgment [under Rule 59(e)] shall be filed . . . no later than 14 days after entry of judgment").

This case has been dismissed by the Court in default upon failure of the debtor to respond or act to Order at doc #123. Debtors seek herein that the Honorable Court set aside, vacate, alter or amend the judgment of dismissal which is not yet final, having been entered within 14 days on November 22, 2019 at doc #133.

Debtor's request today is anchored on Fed. R. Civ. P. 59(e) and Fed. R. Bankr. P. 9023 since the Order dismissing this case was entered on **November 22 , 2019** and debtor's motion filed on this date is within 14 days of the Order.

Generally, a motion filed within fourteen days of judgment is treated as a motion to alter or amend under Rule 59(e). See *In re Iannochino*, 242 F.3d 36, 42 (1st Cir. 2001). Rule 59(e) authorizes a court to alter or amend a final judgment or order on a movant's timely motion. See Rule 59(e).

In deciding Debtor's request to alter or amend the judgment of dismissal, the court must address the issue of whether the Debtor's motion to alter or amend meets the legal requirements for reconsideration under Fed. R. Civ. P. 59(e). *In re Cruz,* 585 B.R. 255, 260 (Bankr. PR 2018).

Fed. R. Bankr. P. 9023 incorporates Rule 59(e) of the Federal Rules of Civil Procedure, which states, in pertinent part, as follows: *"A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment."*

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted. Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e). See *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 55 (1st Cir. 2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); *Venegas-Hernández v. Sonolux Records*, 370 F.3d 183, 190 (1st Cir. 2004), citing *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993); *Robinson v. Watts Detective Agency*, 685 F.2d 729, 743 (1st Cir. 1982).

To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision. *In re Schwartz,* 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing *In re Rodríguez.* 233 B.R. at 219.

A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence **or advance arguments that could or should have been presented to the district court prior to the judgment**. *Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court. See *Standard Quimica de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999). In sum,"[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." See *Soto-Padró v. Public Buildings Authority*, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted).

FAILURE TO COMPLY WITH ONE ORDER DOES NOT MERIT DISMISSAL

> *Bankruptcy courts do not enjoy untrammeled discretion to dismiss bankruptcy cases. Rather, they "must engage in case-by-case analysis in order to determine what constitutes 'cause' sufficient to warrant dismissal" and must determine "whether dismissal would be in the best interest of all parties in interest." In other words, bankruptcy courts are charged with "assessing the vagaries of each case." While failure to comply with a court order may constitute "cause" in some circumstances, such a result in not automatic.*

*In re Buscurescu,* 282 B.R. 124, 133 (S.D.N.Y. 2002) citing *Eldridge v Block,* 832 F. 2d 1132, 1137 (9th Cir. 1987).

The First Circuit Court of Appeals has identified four general grounds for granting a Rule 59(e) motion: 1) the judgment was based upon a manifest errors of law or fact; 2) there is newly discovered or previously unavailable evidence; 3) to prevent manifest injustice; and 4) there is an intervening change in controlling law." *Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 (1st Cir. 2005). Also see 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995).

Also see *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993) (citing *Lavespere v. Niagara Mach. & Tool Works Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), and *Harcon Barge Co. v. D&G Boat Rentals*, 784 F.2d 665, 669-70 (5th Cir. 1986) (en banc)).

The Debtor has met the necessary standard to succeed in a Rule 59(e), as there is just cause to alter or amend the Order of dismissal. Dismissal is too harsh a remedy under the facts of this case and the inadvertent error of counsel for debtor in overlooking the deadline to comply with the Court's Order when several other simultaneous motions were filed one after the other by the Trustee and were all timely addressed by debtor but overlooked that doc #126 had not been responded to.

Fed. R. Civ. P. 59(c) provides that "for good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b). The First Circuit articulates "good cause" thus:

> *We have recently visited the compendium of factors which a district court should consider in "analyzing the quantum and quality of [a defaulted party's] 'cause' to see if it was 'good', that is, if it warranted removal of an entry of default," and it would be pleonastic to rehearse that discussion here. It is enough to reemphasize that, while certain recurrent elements should be probed-the proffered explanation for the default, whether the default was willful, innocent, or somewhere in between, whether setting it aside would prejudice the movant's adversary, whether the movant possesses a meritorious defense, and the timing of the motion, Rule 55(c) determinations are case-specific. They must, therefore, be made in a practical, commonsense manner, without rigid adherence to, or undue reliance upon, a mechanical formula. When all is said and done, 'good cause' is a mutable standard varying from situation to situation.*

*General Contracting & Trading Co. v. Interpole, Inc.* 889 F 2$^d$ 109, 112 (1st Cir. 1990).

In the case of *Hamilton* 399 B.R. 717 (B.A.P. 1st Cir. 2009) the Bankruptcy Appellate Panel reminds the Hamilton bankruptcy Court that:

> *The First Circuit has repeatedly cautioned that violation of a single order may be insufficient to warrant dismissal under the rule. See, e.g., [Benitez-Garcia v. Gonzalez-Vega, 468 F.3d 1, 5 (1st Cir. 2006)](#); [Bachier-Ortiz v. Colon-Mendoza, 331 F.3d 193, 195 (1st Cir.2003)](#); [Crossman v. Raytheon Long Term Disability Plan, 316 F.3d 36, 38 (1st Cir.2002)](#); [Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 6 (1st Cir.2002)](#). In those cases where the First Circuit has affirmed the sanction of dismissal with prejudice for violation of court orders, it has explained that the circumstances of the dismissal must be examined, given the preference that a matter be tried on the merits and the litigants be given ample notice. Benitez-Garcia, [468 F.3d at 5](#); see also [In re Bushay, 32,7 B.R. at 704](#) (concluding that the numerous instances of disregard of court orders warranted affirmance of dismissal). It has offered that a trial court should weigh the following factors when considering whether to dismiss for violation of court orders:*

> *the severity of violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions.... There is also a procedural dimension." Benitez-Garcia, [468 F.3d at 5](#) (citing [Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir.1996)](#))".*

The facts in the instant case are not similar to *Hamilton*, but the dismissal in this case is nevertheless harsh, since in the instant case, debtor failed to respond and comply with just one Order by just one day. Unlike the facts in the instant case, in *Hamilton,* there was a failure to apprise Hamilton that missing the 30-day deadline might result in dismissal which according to the appellate court rendered the dismissal order procedurally suspect. The *Hamilton* Court held that such a lack of warning holds the capacity for working unfairness, particularly in a case such as this where no other factors point toward the propriety of dismissal.

CONCLUSION

In the instant case there was delay in debtors responding to the Motion Requesting Dismissal prior to the dismissal and the failure to comply is attributable to counsel for debtors who overlooked one of the several motions filed back to back by the Trustee dealing basically with the same issue(s). Counsel was under the mistaken assumption that she had addressed all the pending matters in the case.

As such we understand that the standard is "good cause" in the instant case and there is good cause to reconsider and/or set aside the dismissal herein.

Under the facts and circumstances in the present case, there is truly just and worthy good cause for the setting aside of the dismissal of this case, and the dismissal should be set aside for good cause shown and the debtor allowed to complete their chapter 13 Plan that is already in its 54th month.

Debtors in good faith urge this Court that the dismissal of their case be vacated and that their case be reinstated and allow the case and Plan to go forward and complete the Plan within the 6 remaining months of the Plan.

WHEREFORE, debtors humbly request that this Honorable Court: that the dismissal be vacated and set aside:

a) that debtors be allowed to complete their Plan within the remaining 6 months;
b) any remedy that is deemed proper and just under the circumstances.

NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I HEREBY CERTIFY, that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the Chapter 12 Trustee and to all subscribed users and who have to this date filed a timely claim.

Respectfully submitted in Hatillo, Puerto Rico this November 30, 2019

s/**Melissa Cofán Hernández**
MELISSA COFÁN HERNÁNDEZ
USDC PR #224206
PO BOX 944
DORADO PUERTO RICO 00646
Tel. (787) 640-6882
melissacofan@yahoo.com

*ATTORNEY FOR DEBTOR*

Label Matrix for local noticing
0104-3
Case 15-03404-ESL13
District of Puerto Rico
Old San Juan
Sat Nov 30 12:20:43 AST 2019

BANCO POPULAR PR - SPECIAL LOANS
PO BOX 362708
SAN JUAN, PR 00936-2708

Cooperativa A/C San Rafael
PO BOX 1531
QUEBRADILLAS, PR 00678-1531

ORIENTAL BANK
PO BOX 11750
FERNANDEZ JUNCOS STATION
SAN JUAN, PR 00910-2850

POPULAR AUTO
PO BOX 366818
SAN JUAN, PR 00936-6818

STATE INSURANCE FUND
WALLY DE LA ROSA VIDAL
PO BOX 365028
SAN JUAN, PR 00936-5028

US Bankruptcy Court District of P.R.
Jose V Toledo Fed Bldg & US Courthouse
300 Recinto Sur Street, Room 109
San Juan, PR 00901-1964

AES/BANK OF NEW YORK
POB 61047
HARRISBURG, PA 17106-1047

AFLAC
WORLDWIDE HEADQUARTERS 1932 WYNNTON RD
COLUMBUS, GA 31993-0001

AMERICAN EDUCATION  SERVICES
PO BOX 2461
HARRISBURG, PA 17105-2461

AUTORIDAD DE ENERGIA ELECTRICA
Po Box 363508
San Juan, PR 00936-3508

American InfoSource LP as agent for
Midland Funding LLC
PO Box 268941
Oklahoma City, OK  73126-8941

Autoridad De Acueductos  Alcantarillados
Po Box 70101
San Juan, PR 00936-8101

BANCO POPULAR DE PR
ATENCION DEPARTAMENTO DE QUIEBRAS
PO BOX 366818
SAN JUAN, PR  00936-6818

BANCO POPULAR DE PR
PO BOX 366818
SAN JUAN, PR  00936-6818

Banco Popular de Puerto Rico  Special Loans
Migdalia Effie Guasp, Esq.
Special Loans Department (733)
PO Box 362708, San Juan, PR 00936-2708

COMERCIAL BABBY
42644 SECT FELIPE CRUZ
QUEBRADILLAS, PR 00678-9498

COOPERATIVA DE A/C SAN RAFAEL
APARTADO 1531
QUEBRADILLAS, PR 00678-1531

COOSVI
PO BOX 363428
SAN JUAN, PR 00936-3428

CRESCA CORPORATION
PMB 92 P O BOX 71325
SAN JUAN, PR 00936-8425

CRIM
PO BOX 195387 SAN JUAN PR 00919-5387

DEP  TRANSPORTACION Y OBRAS PUBLICAS
PO BOX 41243 MINILLAS STATION
SAN JUAN, PR 00940-1243

DEPARTMENT OF EDUCATION NAVI
PO BOX 9533
WILKES BARRE, PA 18773-9533

Departamento de Transportacion y Obras Publi
Apartado 41269 San Juan
Puerto Rico 00940-1269

ENHANCED RECOVERY COMPANY
8014 BAYBERRY RD
JACKSONVILLE, FL 32256-7412

Fondo
Po Box 336
Aguadilla, PR 00605-0336

Gobierno Municipal De Quebradillas
Po Box 1544
Quebradillas, PR 00678-1544

INFOPAGINAS
EDIFICIO RODAVAL CALLE SAN MARTIN
SUITE 201 MARGINAL BUCHANAN
GUAYNABO, PR  00922

IRS
INTERNAL REVENUE SERVICE
PO BOX 80110
CINCINNATI, OH  45280-0010

ISLAND FINANCE
PO BOX 71504
SAN JUAN, PR 00936-8604

| | | |
|---|---|---|
| JACOB QUILES GIOVANETTI<br>EDIFICIO ESQUIERE 2 VELA STE 101<br>SAN JUAN, PR  00918 | JC PENNEY<br>GECRB/Jcp<br>PO BOX 960090<br>ORLANDO, FL  32896-0090 | LCDO JOSE FERNANDEZ PAOLI<br>PO BOX 11750 FERNANDEZ JUNCOS STATION<br>SAN JUAN, PR 00910-2850 |
| LCDO. GILBERTO FIGUEROA MERCED<br>P O BOX 1321<br>MAYAGUEZ, PR  00681-1321 | MIDLAND CREDIT MANAGEMENT<br>PO BOX 60578<br>LOS ANGELES, CA  90060-0578 | Navient Solutions, Inc.<br>Department of Education Loan Services<br>P.O. Box 9635<br>Wilkes-Barre, PA 18773-9635 |
| ORIENTAL BANK<br>P/C MANUEL CEDENO CASTILLO<br>PO BOX 195115<br>SAN JUAN, PUERTO RICO 00919-5115 | ORIENTAL BANK<br>PO BOX 364745<br>San Juan, PR 00936-4745 | POPULAR AUTO<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PUERTO RICO 00936-6818 |
| POPULAR AUTO<br>P O BOX 1501<br>SAN JUAN, PR  00902-8511 | POPULAR AUTO<br>PO BOX 363228<br>SAN JUAN, PR 00936-3228 | PRIMERICA LIFE INSURANCE<br>PO BOX 105111<br>ATLANTA, GA  30348-5111 |
| SANTANDER FINANCIAL<br>PO BOX 71504<br>SAN JUAN, PR 00936-8604 | (p)SPRINT NEXTEL CORRESPONDENCE<br>ATTN BANKRUPTCY DEPT<br>PO BOX 7949<br>OVERLAND PARK KS 66207-0949 | SYNCHRONY BANK (JCPENNEY)<br>ATTN: BANKRUPTCY DEPT<br>P O BOX 965060<br>ORLANDO, FL  32896-5060 |
| State Insurance Fund Corporation<br>PO Box 365028<br>San Juan, Puerto Rico  00936-5028 | TRIPLE S SALUD<br>PO BOX 71548<br>SAN JUAN, PR 00936-8648 | TRIPLE S VIDA<br>PO BOX 363786<br>SAN JUAN, PR 00936-3786 |
| UNIV INTERAMERICANA DE PR<br>APARTADO 191293<br>SAN JUAN PR 00919 1293 | UNIV INTERAMERICANA DE PR<br>RECINTO AGUADILLA<br>APARTADO 20000<br>AGUADILLA PR 00605-9001 | UNIV POLITECNICA DE PR<br>377 PONCE DE LEON AVE<br>SAN JUAN PR 00917-3006 |
| JESENIA VEGA HERNANDEZ<br>BO TERRANOVA 8<br>CALLE LAS FLORES<br>QUEBRADILLAS, PR 00678 | JOAQUIN AVILA FRANQUI<br>BO TERRANOVA 8<br>CALLE LAS FLORES<br>QUEBRADILLAS, PR 00678 | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902-3884 |
| MELISSA WILDA COFAN HERNANDEZ<br>PO BOX 944<br>DORADO, PR 00646-0944 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET  SUITE 301<br>SAN JUAN, PR 00901 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
SPRINT                          End of Label Matrix
PO BOX 4191                     Mailable recipients   55
CAROL STREAM, IL  60197         Bypassed recipients    0
                                Total                 55
```